IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MOSES TIRELL BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:11-CV-1121-TMH |
| | )                      [WO] |
| DET. STANLEY GARRETT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama, filed this *pro se* 42 U.S.C. § 1983 action on December 27, 2011.[1] He seeks to challenge the legality of a search and seizure which occurred June 10, 2009, and which resulted in Plaintiff's arrest and imprisonment. Named as defendants are the Opelika Police Department and numerous law enforcement officials.[2] Plaintiff seeks monetary damages for the alleged violations of his constitutional rights.

---

[1] Although the Clerk stamped the present complaint "filed" on December 29, 2011, the copmlaint was signed by Plaintiff on December 27, 2011. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Baker] signed it ... ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of the proceedings herein, the court considers December 27, 2011 as the date of filing.

[2] Plaintiff names fifteen law enforcement officials as defendants but the allegations in the complaint make no specific claims against any of them. *See generally Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## I. DISCUSSION

Plaintiff complains that on June 10, 2009, Defendants relied on an improperly executed and invalid search warrant to arrest him on a drug offense. Specifically, Plaintiff alleges that the search warrant was not directed to any specific law enforcement officer, the individual who signed the warrant was not designated as either a judge or a magistrate, the owner of the residence searched was not named in the search warrant, law enforcement officials provided inaccurate information to judicial authorities when making application for the search warrant, and the confidential informant involved in the controlled drug buy arranged by Defendants was not credible. (*Doc. No. 1*.)

Plaintiff contends that Defendants violated his Fourth Amendment rights by subjecting him to an illegal search and seizure on June 10, 2009. As the actions about which Plaintiff complains occurred in June of 2009, it is clear from the face of the complaint that Plaintiff's claims related to the alleged illegal search and seizure which resulted in his arrest and imprisonment for a drug offense are barred by the statute of limitations.

---

[3] Plaintiff has been granted leave to proceed *in forma pauperis*. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985)... . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The search and seizure about which Plaintiff complains occurred on June 10, 2009. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[4] Consequently, the applicable statute of limitations expired on the claims arising

---

[4] The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter ... is ... imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action ... ." *Ala. Code* § 6-2-8(a)(1975).

from Plaintiff's alleged illegal search and seizure on June 10, 2011.  Plaintiff filed the instant complaint on December 27, 2011.  This filing, with respect to his claims, was more than six months after the applicable limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]."  *Id*. at n.2.  In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*."  *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action, with respect to those claims related to the search and seizure which occurred in June 2009, is brought more than two years after the violations about which he complains accrued. In light of the foregoing, the court concludes that Plaintiff's challenges to the June 10, 2009, search and seizure are barred by the applicable statute of limitations and these claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint challenging matters arising from the alleged illegal search and seizure which occurred on June 10, 2009, be DISMISSED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint is not filed within the time prescribed by the applicable period of limitations; and

2. This case be DISMISSED with prejudice prior to service of process.

It is further

ORDERED that on or before **January 26, 2012**, the parties shall file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or

general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of January, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE